

**FILED**

**FEB. 8, 2022**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARY HARLEY,                          )
                                      )
           Plaintiff,                )
                                      )
v.                                    )     Civil Action No.  22-83 (UNA)
                                      )
                                      )
CITY OF PHILADELPHIA  *et al.*,       )
                                      )
           Defendants.               )

### MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Complaint and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint is frivolous or fails to state a claim upon which relief may be granted).

Plaintiff, a resident of Philadelphia, Pennsylvania, has sued the City of Philadelphia, a Philadelphia judge, and two former public officials in Philadelphia.  *See* Compl., ECF No. 1 at 5. She alleges that "the state & federal government wired detected [her] private life" and concludes, among other things, that "the government cannot program a human brain and force a human mind to talk."  *Id*. at 3 (Statement of Claim).  Additionally, Plaintiff seems to allege that the military "detected" her daughter's mind for 20 years and "put her in the hospital 8 times"; arrested her son for a crime he did not commit; and "put" her youngest son in the hospital for ten years.  *Id*.  Plaintiff requests that this Court "order all [listed] defendants to appear and to name all other defendants involved in this conspiracy," and she seeks compensation for herself and her three children totaling $8 billion.  *See id*. (requesting "2 billion dollars for each of one of us").

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").  The instant complaint satisfies this standard and suggests no hint of a cure.  Therefore, this case will be dismissed with prejudice.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
RANDOLPH D. MOSS
Date: February 8, 2022          United States District Judge